UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH D. BARRETT, | Case No. 3:19-cv-00480-RCJ-WGC |
| Petitioner, | |
| v. | **ORDER** |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

Petitioner Kenneth D. Barrett, a Nevada prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254. This matter is before the Court for preliminary review pursuant to the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, the petition is dismissed following preliminary review.

Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; *see also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254 , 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). A state prisoner's habeas claim is cognizable under § 2254 only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," under 42 U.S.C. § 1983. *Id.* at 931.

In *Nettles*, a prisoner serving a life sentence with the possibility of parole was found guilty

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

of a disciplinary infraction, which caused 30 days of good time credits to be revoked. 830 F.3d at 925–26. Nettles filed a federal habeas petition seeking restoration of the good time credits and expungement of the rule violation report that led to the loss of good time credits. *Id.* at 927. The Ninth Circuit held that Nettles' claim was not cognizable in habeas. *Id.* at 934–35. Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (quotation omitted). In short, a prisoner cannot bring a federal habeas petition "where 'a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence'." *Id.* at 933 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because the parole board could have denied parole, even if Nettles succeeded in expunging the rules violation report, the Ninth Circuit held that a meritorious habeas claim would not necessarily lead to his immediate or earlier release. *Id.* at 935. Thus, his claim was not within "the core of habeas corpus" and could not be brought under § 2254 but must be pursued under § 1983, if at all. *Id.* (quoting *Skinner v. Switzer*. 562 U.S. 521, 535 n.13 (2011)).

Here, Petitioner's petition fails to state a cognizable habeas claim. In January 1986, Petitioner was convicted of multiple counts of burglary, robbery with use of a deadly weapon, grand larceny auto, and attempted murder. In his petition, Petitioner asserts that prison officials have miscalculated his statutory credits for parole eligibility under Nev. Rev. Stat. §§ 209.446 and 213.120(1). He asks this Court to order the Nevada Department of Corrections to produce his credit history to show that his parole eligibility dates for each of his current and previous sentences were correctly calculated.

If Petitioner were to succeed on this claim, it would only mean an earlier parole hearing. However, an earlier parole hearing will not necessarily lead to the Petitioner's immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing Nev. Rev. Stat. § 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."). As success on Petitioner's claims would not necessarily lead to his immediate

or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, under 42 U.S.C. § 1983.[2]  *See Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017); *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019) (unpublished disposition).

Additionally, the Court declines to recharacterize Petitioner's petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. *Nettles*, 830 F.3d. at 935–36; *see also Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the petition is not amenable to conversion on its face because it is not clear that Petitioner has named the proper defendant or whether recharacterization would disadvantage Petitioner. The Court therefore dismisses the petition without prejudice and instructs the Clerk of Court to send Petitioner a form complaint for § 1983 civil rights actions.

For the above stated reasons,

**IT IS THEREFORE ORDERED:**

1. Petitioner Kenneth D. Barrett's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

2. Petitioner is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.

---

[2] The Court has not completed a review of other potential issues that may arise if Petitioner files a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

3. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1), Motion to Extend Copywork Limit (ECF No. 1-4), and Motion for Counsel (ECF No. 1-5) are DENIED as moot.

4. The Clerk of Court is directed to:

    a. FILE the Petition (ECF No. 1-1), Motion to Extend Copywork Limit (ECF No. 1-4), and Motion for Counsel (ECF No. 1-5) on the docket;

    b. ENTER final judgment and CLOSE this case; and

    c. MAIL Petitioner one blank copy of (i) the *in forma pauperis* application for prisoners and (ii) form complaint for § 1983 civil rights actions.

DATED: This 12th day of September, 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE